UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEANNE CUSTIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-1153 (KBJ) |
| ) | |
| CIA, HOMELAND, DEP'T OF ) | |
| HEALTH, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Pro se petitioner Jeanne Custis ("Petitioner") has filed the instant Petition for a Writ of Habeas Corpus ("Petition") against the Central Intelligence Agency, the Department of Homeland Security, and a government agency that she refers to as "the Department of Health" (collectively, "Respondents"). (Pet., ECF No. 1, at 1.)[1] The Petition alleges that Respondents are holding Petitioner in a "virtual prison" by means of an "electronic GPS [that was] surgically implanted into my skull[.]" (*Id.* ¶ 4.)[2] Petitioner alleges that this government conduct violates the First, Fourth, Fifth, Sixth,

---

[1] Page numbers herein refer to those the Court's electronic case filing system automatically assigns.

[2] The Petition continues:

> I'm tortured every day with additional[] electronic implants. I have no privacy. Overbearing surveillance, illegal wiretapping, electronic eavesdropping, internet monitoring, stalking, slander, and character assassination. . . . I had a CATSCAN done which shows the implants. I'v[e] taken photo's (sic) of my eyes up close which shows the implants. [F]act each and every day and night I'm tortured by the high frequency I'm a human Target, a human Experiment. . . . I[']m threatened often. . . . Plains (sic) and helicopters fly at me = torture–planes circle. [F]ollowed everywhere by relentless burtal servailanc (sic).

(Pet. ¶ 13.)

Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments; "Title 18 U.S.C. [§] 3771 The Rights of Crime Victims"; the "Civil Rights Act of 1964 Separate but Equal"; and the "Torture Victim Protection Act 1991" (*id.* ¶¶ 5, 13), and she requests various specific forms of injunctive relief, along with compensatory damages.[3] Because Petitioner's claims are patently insubstantial, this Court lacks subject matter jurisdiction and her petition must be **DISMISSED**.

## ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citation omitted). It is also clear that a federal judge may act *sua sponte* to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x. 1, 1 (D.C. Cir. 2008), including claims so "patently insubstantial" that no federal question suitable for decision can be discerned. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

---

[3] Petitioner has asked the Court for the following:

1. Stop Torture. Stop all Human Experimentation on me and my family.
2. Surgically remove implants from skull.
3. Surgically remove implants from eyes.
4. Stop all Forms of Surveillance. Stop threats of harm to me and my family.
5. Correct all records.
6. Activate Petition for Protective order.
7. Activate Cease and Desist Petition
8. O[r]der Compensation to be paid.
. . .
[9.] Order all negative communication by internet by phone by word of mouth (sic) to stop.

(Pet. at 11.)

"Patently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories [or] any fantastic government manipulations of their will or mind[.]" *Id.* at 330–31 (quotation marks omitted); *see also, e.g.*, *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (district court properly dismissed complaint under Fed. R. Civ. P. 12(b)(1), where "its factual allegations were 'essentially fictitious,' involving a fantastic scenario of a vast government conspiracy to interfere in appellant's daily life, including through the implantation of a micro tracker in her mouth and use of electromagnetic radiation weapons"), *cert. denied* 135 S. Ct. 90 (Oct. 6, 2014)*; Odems v. Wal-Mart Stores, Inc.*, No. 14cv1790, 2015 WL 2120634, at *1–2 (D.D.C. May 6, 2015) (dismissing complaint under Fed. R. Civ. P 12(b)(1), where plaintiff alleged that defendants had implanted a nano-chip in his brain and had benefitted financially from the information the chip collected); *Moore v. Bush*, 535 F. Supp. 2d 46, 48 (D.D.C. 2008) (dismissing case under Fed. R. Civ. P. 12(b)(1), where plaintiff alleged that a conspiracy "led to the implantation of a micro-chip in his head and use of brain wave technology to disrupt his life"); *Bestor v. Lieberman*, 03cv1470, 2005 WL 681460, at *1–2 (D.D.C. Mar. 11, 2005) (dismissing case under Fed. R. Civ. P. 12(b)(1), where plaintiff alleged that two Senators were "involved in the irradiation of his brain and manipulation of his thought processes via devices surreptitiously implanted in his head").

In the instant case, given the nature of the claims alleged, Petitioner has failed to meet her burden to establish that this Court has subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold pro se litigants. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972).  The allegations that Petitioner makes—*e.g.*, that Respondents have "surgically implanted" GPS technology into her skull and have placed "electronic implants" in her eyes, and that they are continuously stalking and surveilling her (Pet. ¶ 13)—are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1).  *See, e.g., Hu*, 2013 WL 6801189, at *1; *Odems*, 2015 WL 2120634, at *1–2; *Moore*, 535 F. Supp. 2d at 48; *Bestor*, 2005 WL 681460, at *1–2.  Thus, this Court will dismiss the instant petition for this same reason.[4]  The Court will also deny as both moot and meritless Petitioner's pending motion for the appointment of counsel and the assignment of this case to Chief Judge Roberts (*see* ECF No. 2).[5]

    A separate, final Order accompanies this Memorandum Opinion.

DATE:  July 30, 2015

                                       *Ketanji Brown Jackson*
                                       KETANJI BROWN JACKSON
                                       United States District Judge

---

[4] Dismissal for lack of subject matter jurisdiction in a habeas case is subject to the same standards as dismissal for lack of subject matter jurisdiction in other civil cases.  *See Rasul v. Bush*, 215 F. Supp.2d 55, 61 (D.D.C. 2002), *aff'd sub nom., Al Odah v. United States*, 321 F.3d 1134 (D.C. Cir. 2003), *rev'd on other grounds*, *Rasul v. Bush*, 542 U.S. 466 (2004).

[5] Because Petitioner has paid the filing fee in this action, she is not eligible for an appointed attorney.  *See* LCvR 83.11(3).  Moreover, this Court finds no basis for such appointment in the Petition.  Additionally, a party is not entitled to select the judge who will hear any matter in this Court; the Local Rules specifically mandate that the Clerk randomly assigns cases to judges.  LCvR 40.3(a)(1).